UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STEPHANIE L. M., <br><br>  Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | No. 2:23-cv-00585-BFM <br><br> **ORDER RE: MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT** |

### INTRODUCTION

Plaintiff Stephanie L. M. filed the Complaint in this action on January 25, 2023. On November 1, 2023, the previously assigned Magistrate Judge remanded the matter to the Commissioner for further administrative proceedings. (ECF 29.)

On November 8, 2023, Plaintiff's counsel Francesco P. Benavides, Esq. ("Counsel") filed a Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and a Declaration of Counsel (ECF 32), seeking a total of $10,336.81. (ECF 30.) The fee requested is based on a total of 41.3 hours

1  of attorney time (including preparation of the EAJA Motion and Reply) at an
2  hourly rate of $242.78, and 3.1 hours of legal assistant time at an hourly rate of
3  $100. (Reply Ex. 1.) Defendant filed an Opposition to the Motion (ECF 32);
4  Plaintiff filed a Reply along with an Exhibit. (ECF 35.)

5        The Court previously took the matter under submission without oral
6  argument. (ECF 31.) After review, the Court grants Counsel's Motion.

## DISCUSSION

9         In her Opposition, Defendant challenges only the reasonableness of the
10  fee award sought by Counsel. She argues that the total request of $10,336.81 be
11  reduced as follows: (1) by $5,899.55 for the approximately 24.3 hours spent
12  briefing "unsuccessful" claims that the Court did not consider in its Opinion
13  remanding this matter; (2) by $310 billed for work done by Counsel's legal
14  assistant, as that work appears to be clerical or secretarial in nature; and (3) if
15  the Court agrees with Defendant's arguments, by disallowing the fees for the
16  time spent preparing the EAJA Motion and Reply (6.3 hours at $242.78 per
17  hour). (Opp'n at 3-4.)

18        Counsel requests that if the EAJA fees awarded in this action are not
19  subject to any offset under the Department of the Treasury's Offset Program,
20  payment be made payable directly to Counsel Francesco Benavides based on
21  Plaintiff's assignment of this fee to Counsel. (Mot. at 1 & Reply Ex. 1.) Defendant
22  requests that if EAJA fees are awarded, the Court "specify that Plaintiff's
23  assignment cannot be honored without prior consideration by the Treasury
24  Offset Program." (Opp'n at 5.)

25  **A.   "SUBSTANTIALLY JUSTIFIED"**

26        Under the EAJA, a prevailing party will be awarded reasonable attorney's
27  fees, unless the government demonstrates that its position in the litigation was

"substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An applicant for disability benefits is a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded "regardless of whether disability benefits ultimately are awarded." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993); *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998).)

Counsel argues that the position of the government was not substantially justified (Mot. at 6-7), and he also observes—correctly—that Defendant does not argue to the contrary. (Reply at 3.) As Defendant challenges only the reasonableness of the fee request and does not contend that her position was substantially justified, she has waived any objection on that point. *Avenetti v. Barnhart*, 456 F.3d 1122, 1135 (9th Cir. 2006) (issues not raised in briefs are waived). The Court finds that reasonable EAJA fees should be awarded.

## B.  REASONABLENESS OF THE FEES

The amount of the attorney's fees must be determined on the facts of each case. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The "most useful starting point" for determining a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.* at 434. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *Id.* Where the documentation of hours is inadequate, the Court may reduce the award accordingly. *Id.* Moreover, the Court should exclude from the initial fee calculation hours that were not "reasonably expended." *Id.* at 433-34. Counsel for the prevailing party should make a good faith effort to exclude from a fee request any hours that are excessive, redundant, or otherwise unnecessary. *Id.*

at 434. However, in determining what constitutes a reasonable fee award under the EAJA, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

Considering these factors, no reduction is warranted in the time that Counsel claims he expended in litigating this case. The 35 attorney hours claimed by Counsel before this Court—which does not include the hours spent preparing the Motion and Reply brief herein—is typical of the hours generally requested and granted in Social Security cases. *See Costa*, 690 F.3d at 1136 (observing that district courts assessing reasonableness of EAJA requests may consider the fact that "twenty to forty hours is the range most often requested and granted in social security cases") (citing *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. June 2, 2000)) (collecting district court cases).

While Counsel's hours are close to the upper end of the "typical" range, a fully compensatory fee is warranted here. Counsel obtained a good result, which resulted in the Court remanding the matter for further administrative proceedings. *See Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (observing that when a Social Security claimant "has obtained excellent results, his attorney should recover a fully compensatory fee") (quoting *Hensley*, 461 U.S. at 435). Counsel reported spending 25.5 hours reviewing the 2053-page record and researching and drafting the 25-page opening brief (inclusive of table of contents and table of authorities), which raised four separate issues. He reported an additional 5.9 hours spent reviewing Defendant's 18-page Opposition, and drafting a 10-page Reply. (Reply at 3-5.) All of those numbers are reasonable and reflect nothing excessive or out of the ordinary.

Defendant argues that because the Court reached only one of Plaintiff's

four issues in this action, the time spent by Counsel on briefing Plaintiff's three "unrelated, unsuccessful claims should be excluded from the fee award." (Opp'n at 2 (citing *Sorenson*, 239 F.3d at 1147, *Hensley*, 461 U.S. at 437, *Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010).) In essence, Defendant argues that Counsel should be compensated for only 25% of the time he spent preparing the briefs filed here because the Court only addressed one of Counsel's four arguments. (Opp'n at 3 & nn.1, 2 (citations omitted).)

The Court disagrees. The remaining claims were not "unsuccessful"—the Court simply did not need to reach them, given Plaintiff's success on one claim. The claims are not frivolous, nor is it unreasonable for counsel to make several alternative arguments in support of reversal. *San v. Comm'r of Soc. Sec.*, No. 1:11-cv-1211-BAM, 2016 WL 500576, at *4 (E.D. Cal. Feb. 9, 2016) ("'[L]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not sufficient reason for reducing a fee. The result is what matters.'") Thus, Counsel should be compensated for his time briefing all four issues, not only the issue the Court found warranted reversal.

The authorities Defendant cites are not to the contrary. In *Hardisty*, the Ninth Circuit considered a case in which, like here, the district court remanded to the Agency based on one issue and thus did not address the remaining issues the party had briefed. *Hardisty*, 592 F.3d at 1075. In connection with a fee dispute, the court found that the government was substantially justified in defending the Agency's conclusion about that issue. *Id.* The Ninth Circuit held that a district court need not evaluate whether the government's position was substantially justified with respect to positions challenged by the claimant but unaddressed by the reviewing court. Doing so avoids a "second major litigation" to decide whether the government was substantially justified with regard to the

other issues raised but not decided by the District Court. *Id.* at 1077-78.

In this case, Defendant does not argue that she was substantially justified in defending *any* issue decided by the Court, she simply argues that Counsel should not be compensated for making arguments that the Court did not reach. That is an important difference: "[d]istrict courts interpreting *Hardisty* have agreed that the decision's discussion of EAJA fees applies only to the 'substantial justification' component of the analysis; not as a means of limiting fees under the 'reasonableness of fees' component." *Greer v. Berryhill*, No. 1:16-CV-0042R-JLT, 2018 WL 3197792, at *4 (E.D. Cal. June 26, 2018) (collecting cases); *see also Anderson v. Berryhill*, No. CV 17-03127-GJS, 2018 WL 11229746, at *1 (C.D. Cal. Sept. 11, 2018) (finding *Hardisty* did not apply under the same circumstances at issue here). In line with the holdings of the courts of this Circuit, this Court finds that *Hardisty* is inapplicable here.

Similarly, *Hensley* does not support Defendant's argument; if anything, it supports Counsel's application. In *Hensley*, the Supreme Court noted that some cases present a single claim for relief and involve a common core of facts and related legal theories; in such cases, counsel's time "will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims," and "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley*, 461 U.S. at 435. Here, the issue addressed by the Court (whether the ALJ properly evaluated the physical limitations assessed by the treating medical source) involved the same core facts and analysis underlying the other issues raised by Plaintiff in her briefing (whether the ALJ (1) provided legally sufficient reasons for discounting Plaintiff's testimony; (2) properly evaluated the medical source opinion of the qualified medical examiner; and (3) properly evaluated Plaintiff's

1  mental impairments)). As such, the Court believes this case should be treated
2  like the single claim for relief based on one set of facts and interrelated legal
3  theories that *Hensley* describes. *San v. Comm'r of Soc. Sec.*, No. 1:11-cv-1211-
4  BAM, 2016 WL 500576, at *4 (E.D. Cal. Feb. 9, 2016) (likening Social Security
5  appeals to a single claim for relief based on one set of facts and involving related
6  legal theories, and declining to reduce the EAJA fee based on two of plaintiff's
7  four issues not being addressed in the court's remand order) (quoting *Hensley*,
8  461 U.S. at 435).

9        Based on the foregoing authorities, the Court declines to reduce Counsel's
10 fees to the time briefing the one issue the Court reached. As that argument is
11 the only attack on the reasonableness of Counsel's fee, the Court concludes that
12 no reduction is warranted in the time Counsel expended litigating Plaintiff's
13 case.

14 **C. LEGAL ASSISTANT FEES**

15       Defendant's second argument is no more persuasive. The Ninth Circuit
16 has explained that "purely clerical or secretarial tasks should not be billed at a
17 paralegal or lawyer's rate, regardless of who performs them." *Davis v. City &*
18 *Cnty. of S.F.*, 976 F.2d 1536, 1543 (9th Cir. 1992) (internal quotation marks and
19 alterations omitted); *see also Missouri v. Jenkins*, 491 U.S. 274, 288 n.1 (1989)
20 (noting that clerical tasks are typically considered overhead expenses, and are
21 not reimbursable; "purely clerical or secretarial tasks should not be billed at a
22 paralegal [or attorney] rate").

23       Defendant alleges that "the activities ascribed to [Counsel's] legal
24 assistant appear to be clerical and/or secretarial in nature." (Opp'n at 3 (citation
25 omitted).) Defendant then recites a variety of activities that other courts have

1 found to be not compensable as purely secretarial or clerical tasks.[1] Without
2 pointing to any specific time entries in Counsel's timesheet (Mot. Ex. 1),
3 Defendant summarily concludes that the entire $310 billed for the work
4 performed by the legal assistant "should be stricken from any award of fees."
5 (Opp'n at 4 (citations omitted).)

6 The Court disagrees. Counsel here bills for work that is appropriately
7 considered paralegal work: drafting the complaint and associated documents,
8 downloading and compiling the administrative record, communicating the
9 Court's decision to the client and to the administrative attorney, and preparing
10 the itemization of hours. *See, e.g.*, *Carter v. Astrue*, No. 107CV-00045-LJO-SMS,
11 2009 WL 498305, at *4 (E.D. Cal. Feb. 26, 2009) (preparing and reviewing court
12 documents are tasks that are routinely performed by an attorney, and
13 appropriately delegated to a paralegal); *Harris v. Astrue*, No. C09-237-JCC,
14 2010 WL 2161825, at *2 (W.D. Wash. Apr. 29, 2010) (communication of court
15 decisions with clients not clerical work, but part of the attorney's ethical
16 obligation to keep client informed).

17 On this record, no reduction in the fee requested for the work done by
18 Counsel's assistant is warranted.

19 **D.    FEE FOR PREPARATION OF EAJA REPLY BRIEF**

20 Defendant argues that if Counsel submits a Reply brief in this EAJA
21 matter, "he must demonstrate that the time spent on that brief was reasonable."
22 (Opp'n at 4.) She submits that if the Court agrees with Defendant's arguments,

---

[1] Defendant points to tasks such as "photocopying and envelope stuffing; filing emails and correspondence; filling out, scanning, and printing documents; filing documents with the court and retrieving electronic documents from the court; organizing transcripts, documents, and files; preparing affidavits; serving defendants by certified mail; calendaring dates; rescheduling depositions; preparing cover letters and client letters; and sending and mailing documents." (Opp'n at 4 (citation omitted).)

8

it should disallow the fees requested for time spent on the Reply. (Opp'n at 4 (citing *INS v. Jean*, 496 U.S. 160, 163 n.10 (1990) ("fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation"). Because the Court does not agree with Defendant's arguments, Counsel's request for fees for the attorney time spent on preparing the Reply is warranted. And the Court finds that 4.2 hours is a reasonable amount of time to review Defendant's EAJA Opposition, conduct legal research, and prepare the Reply.

### E.  PAYMENT OF THE EAJA FEES

An EAJA fee award generally is payable to the prevailing litigant rather than to the prevailing litigant's attorney. *Astrue v. Ratliff*, 560 U.S. 586, 596-97 (2010). Here, however, Plaintiff assigned EAJA fees to Counsel. (*See* Mot. Ex. 2.) If a plaintiff does not owe a government debt that qualifies for an offset, payment may be made in the name of the attorney. *See Yesipovich v. Colvin*, 166 F. Supp. 3d 1000, 1011 (N.D. Cal. Sept. 28, 2015) (the Anti-Assignment Act applies to an assignment of EAJA fees and where there is no information as to whether plaintiff owes a pre-existing debt to the government, EAJA fees may be paid directly to plaintiff's counsel, subject to any government debt offset and subject to the government's waiver of the requirements of the Anti-Assignment Act). Counsel contends that if the EAJA fees awarded are not subject to any offset allowed under the Department of the Treasury's Offset Program, then payment for EAJA fees should be made payable to Counsel. (Mot. at 1 & Ex. 2).

It does not appear there is any true dispute here. Defendant notes that if Plaintiff does not owe a government debt that qualifies for offset, then payment may be made in Counsel's name "based on the government's discretionary waiver of the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727. Defendant requests that if the Court awards EAJA fees, "it specify that

Plaintiff's assignment cannot be honored without prior consideration by the Treasury Offset Program." (Opp'n at 5, 6.)

Here, as there is no evidence that Plaintiff owes a pre-existing debt to the government, it appears that the EAJA fees are payable to Counsel as Plaintiff's assignee, subject to any government debt offset. Regardless of the payee, however, the check should be mailed directly to Counsel.

## CONCLUSION

Consistent with the foregoing, IT IS ORDERED that (1) Plaintiff's EAJA Motion (ECF 30) is **granted**; (2) Plaintiff is awarded EAJA fees in the amount of $10,336.81; and (3)(a) if Plaintiff does not owe a federal debt, and (b) subject to any government debt offset and subject to the government's waiver of the requirements of the Anti-Assignment Act, the EAJA fee shall be made payable to Counsel and be submitted directly to Counsel's address.

DATED: December 5, 2023

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE